UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------ X

**IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

3:09-md-02100-DRH-PMF

MDL No. 2100

------------------------------------------------------------

**This Document Relates to:**

*Holly Detroit v. Bayer Healthcare LLC, et al.*
No. 3:11-cv-20087-DRH-PMF

**Judge David R. Herndon**

**ORDER DENYING MOTION FOR RECONSIDERATION**

**I. INTRODUCTION**

**Herndon, Chief Judge,**

This matter is before the Court on the plaintiff's motion to reconsider (Doc. 32) the Court's order denying remand (Doc. 29). For the reasons discussed below, the Court **DENIES** plaintiff's motion for reconsideration.

**II. BACKGROUND**

Plaintiff brought this product liability action in Washington state court against the Bayer defendants and The Vancouver Clinic, among others. The complaint alleges that the plaintiff was injured as a result of using YAZ, an FDA-approved oral contraceptive prescription medication. The sole non-diverse defendant is The Vancouver Clinic – the healthcare facility that prescribed and

1

distributed the subject drug to the plaintiff. The Bayer defendants removed this action to the Western District of Washington, alleging that The Vancouver Clinic had been fraudulently joined. The action was subsequently transferred to this MDL with plaintiff's motion to remand pending.

Plaintiff asserts causes of action sounding in strict liability, negligence, breach of express and implied warranties, intentional misrepresentation/fraud, and statutory consumer protection. In denying remand, the Court found that plaintiff's claims for strict liability, negligence, and breach of express or implied warranty were product liability claims governed by Washington's Product Liability Act ("WPLA") and that The Vancouver Clinic was not subject to liability under the WPLA (Doc. 29 pp. 6-8). Accordingly, the Court found that plaintiff's product liability claims had no reasonable chance of success (Doc. 29 pp. 4-5).

The Court also noted that plaintiff's breach of warranty claims could be brought under Washington's version of the Uniform Commercial Code ("UCC") (Doc. 29 pp. 8-10). The Court concluded, however, that recovery under the UCC was not available because the subject transaction was predominately a transaction involving the sale of services (Doc. 29 pp. 8-10). Finally, with regard to plaintiff's claims for intentional misrepresentation/fraud and statutory consumer protection (non-product liability claims not governed by the WPLA), the Court found that plaintiff had failed to state a claim against The Vancouver Clinic (Doc. 29 pp. 10-14). With regard to the claim for intentional misrepresentation/fraud, the Court specifically found that the plaintiff failed to plausibly plead facts establishing that

2

The Vancouver Clinic made any representation to the plaintiff, let alone a representation involving the requisite scienter.  In her present motion, plaintiff insists that paragraphs 48 and 49 of her complaint cure the pleading defects in her claim for intentional misrepresentation/fraud.  Plaintiff contends that the Court must have "overlooked" or misunderstood the allegations in paragraphs 48 and 49 and asks the Court to reconsider its ruling.

### III.  LEGAL BASIS FOR RECONSIDERATION

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.[1] *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).  If a motion for reconsideration is filed within 28 days of the entry of the challenged order, the substance of the motion determines whether the motion should be analyzed under Rule 59(e) or Rule 60(b).  *Ho v. Taflove*, 648 F.3d 489, 495 nn. 4–5 (7th Cir. 2011); *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).  *See also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").  However, a motion to reconsider filed more than 28 days after entry of the challenged order,

---

[1]  Plaintiff does not state whether her motion for reconsideration is filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  She merely states that a motion to reconsider is appropriate when the Court has misunderstood a party (Doc. 32 p. 1).

"automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (*citing United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); see also *Kiswani v. Phoenix Sec. Agency, Inc.,* 584 F.3d 741, 742-43 (7th Cir. 2009); *Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

The order plaintiff is challenging was entered on August 25, 2011 (Doc. 29). Plaintiff's motion to reconsider was filed on September 27, 2011 (Doc. 32) – more than 28 days after the entry of the challenged order.  Therefore, the plaintiff's motion must be treated as a motion for reconsideration under Rule 60(b).

Relief under Rule 60(b) is limited to the grounds specified in the rule – such as "mistake, inadvertence, surprise, or excusable neglect;" newly discovered evidence; fraud; or extraordinary circumstances that are ordinarily not available on direct appeal. *See* FED. R. CIV. P. 60(b); *Liljeberg v. Health Serv. Acquisition Corp.,* 486 U.S. 847, 863–64 & nn. 10–11 (7th Cir. 1988).[2]  A district court has discretion to deny relief under Rule 60(b), and a district court's decision is reviewed under an "extremely deferential" abuse of discretion standard. Eskridge v. Cook County, 577 F.3d 806, 808-09 (7th Cir. 2009).  "Because relief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional

---

[2] A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir.1996), reh'g and suggestion for reh'g en banc denied, cert. denied 519 U.S. 1040, 117 S.Ct. 608, 136 L.Ed.2d 534; *Deutsch v. Burlington N.R. Co.*, 983 F.2d 741 (7th Cir.1993).

4

circumstances,' a district court abuses its discretion only when 'no reasonable person could agree' with the decision to deny relief." *Eskridge*, 577 F.3d at 809, *quoting McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000).

### IV. ANALYSIS

Plaintiff asserts that the allegations in paragraphs 48 and 49 of her complaint cure any defects the Court noted with regard to her claim for intentional misrepresentation/fraud. According to the plaintiff, the Court must have "overlooked" the allegations in paragraphs 48 and 49 and reconsideration is therefore warranted. Paragraphs 48 and 49 state as follows:

> 48. Defendant [The Vancouver Clinic] has accepted samples from Bayer marketing representatives and then dispensed them to its patients. Defendant The Vancouver Clinic has a responsibility to determine the efficacy and safety of samples and prescriptions it provides to its patients and to determine if there are any contraindications.
>
> 49. As a result of defendants' claims regarding the safety and effectiveness of YAZ, Holly Detroit began using a sample pack of Yaz provided by defendant in March of 2007 and filled her prescription on April 24, 2007. Mrs. Detroit used Yaz faithfully until August 6, 2008 when she began experiencing chest pain, ultimately suffering deep vein thrombosis and pulmonary emboli. Plaintiff was . . . using a prior generation of birth control without incident, but was induced to change to Yaz by defendant The Vancouver Clinic.

(Doc. 1-2 ¶¶ 48-49).

The Court did not overlook or misunderstand the allegations in paragraphs 48 and 49. In denying remand, the Court fully reviewed and considered every paragraph in plaintiff's complaint. In fact, the Court cites to paragraph 48 of the plaintiff's complaint when summarizing the allegations directed against The

5

Vancouver Clinic. In addition, both paragraphs 48 and 49 were quoted and discussed in plaintiff's motion for remand, Bayer's opposition to remand, and again in plaintiff's reply brief (Doc. 14 p. 6; Doc. 17 pp. 5-6; Doc. 23 pp. 7-8). Accordingly, plaintiff has not identified a mistake (or any other basis for relief) that warrants reconsideration pursuant to Rule 60(b).

Further, even if the Court were to reconsider the challenged order, the allegations in paragraphs 48 and 49 would not alter the Court's analysis. First, to state a claim for intentional misrepresentation/fraud plaintiff must allege that The Vancouver Clinic made a false representation of an existing fact. *See e.g. Adams v. King County*, 192 P.3d 891, 902 (Wash. 2008). Plaintiff contends that paragraph 49 alleges such a statement because The Vancouver Clinic "could not have induced plaintiff to switch to YAZ without making representations to plaintiff about the quality and/or safety of YAZ" (Doc. 32 p. 3). Even considering the lenient standard the Court must apply, plaintiff's interpretation is not reasonable. Plaintiff has an obligation to plead *facts* establishing the requisite elements of her claim. Paragraph 49 does not contain *any factual* representation which could provide a basis for an allegation of fraud against The Vancouver Clinic.

Second, in addition to alleging the existence of a false statement, plaintiff must also allege that The Vancouver Clinic had the requisite scienter or knowledge. Generally, to establish the scienter element for intentional misrepresentation, a plaintiff must allege actual knowledge on the part of the defendant. *See e.g., Adams v. King County*, 192 P.3d 891, 902 (Wash. 2008)

6

(defendant's knowledge of the statement's falsity is a requisite element of fraud). Under certain circumstances, however, the knowledge element of intentional misrepresentation may be established by showing the speaker's "ignorance of [the statement's] truth." *Cedell v. Farmers Ins. Co. of Washington*, 237 P.3d 309, 314-15) (Wash. App. 2010). A collective reading of the relevant case law reveals that a speaker who makes a false statement, without knowledge of the statement's truth or falsity, may be liable for intentional misrepresentation *if* that speaker acted recklessly and carelessly. *See Marr v. Cook*, 318 P. 2d 613, 614-15 (Wash. 1957); *Swanson v. Solomon,* 314 P. 2d 655, 657-658 (Wash. 1957); *Holland Furnace Co. v. Korth*, 262 P. 2d 772, 776 (Wash. 1953); *Liner v. Armstrong Homes of Bremerton, Inc.,* 579 P.2d 367, 370 (Wash. App. 1978). Thus, to satisfy the knowledge element for intentional misrepresentation, plaintiff must – at a minimum – allege that The Vancouver Clinic acted recklessly and carelessly without knowing for certain whether the statement (assuming plaintiff had alleged that The Vancouver Clinic made a statement) was true or false.

Plaintiff contends that, given the Court's duty to liberally construe her complaint, the requisite knowledge can be reasonably inferred from paragraph 48. According to plaintiff, paragraph 48 establishes that "The Vancouver Clinic either knew of the falsity, or was ignorant about the truth, of its representations to plaintiff regarding the quality and/or safety of Yaz" (Doc. p. 3). Once again, plaintiff's interpretation stretches the meaning of reasonableness. Paragraph 48 alleges a legal duty. It does not allege any *facts* demonstrating that The

7

Vancouver Clinic knowingly made a false statement.  Nor does it allege any facts demonstrating that The Vancouver Clinic carelessly or recklessly made a false statement without knowledge of its truth.  In fact, the allegations in plaintiff's complaint negate any such conclusion – plaintiff repeatedly alleges that Bayer concealed information regarding the safety and efficacy of YAZ from consumers and from the medical community in general.

## V.  CONCLUSION

The Court did not overlook or misunderstand any of the allegations in plaintiff's complaint and reconsideration is not warranted.  Further, nothing in the disputed paragraphs (or anywhere in plaintiff's complaint) can be reasonably inferred as alleging any conduct on the part of The Vancouver Clinic that could serve as a basis for intentional misrepresentation.  The motion for reconsideration is therefore **DENIED**.

**So Ordered**

David R. Herndon
2012.04.12 16:09:09
-05'00'

**Chief Judge**                                                          **Date:  April 12, 2012**
**United States District Court**